UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:19-CR-79-HAB |
| ) | |
| MARKUS W. DEGRAW ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's motion for appointment of counsel and compassionate release (ECF No. 71). The Government has responded to the motion. (ECF No. 74). For the following reasons, his motion will be denied.

**I.   Defendant's Offense Conduct**

On August 27, 2019, Defendant, a resident of Fremont, Indiana, sent threatening text messages to his estranged wife ("the wife") accusing her of taking his firearms. The wife denied taking the firearms. The Defendant then threatened to shoot her and cut her heart out. He also included a photograph of a .45 caliber Hi-Point pistol with a hostile message to her. A day later, Defendant went to the wife's residence in Michigan, pointed a firearm at her and told her he was "gonna f---ing kill [her]."

This conduct led to a search warrant for the Defendant's residence where officers located a loaded .40 caliber Hi-Point firearm, and .22 and .25 caliber ammunition in a toolbox. Outside the garage officers found a shooting target and spent shell casings on the ground. Officers asked the wife about the loaded firearm and she indicated that it was not the gun that Defendant had threatened her with that morning.

Eventually, Defendant was charged in a two-count indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and interstate communication of threats in violation

of 18 U.S.C. § 875(c). Defendant pled guilty to the felon in possession charge in exchange for the dismissal of Count 2. This Court sentenced him to the statutory maximum sentence of 120 months imprisonment. Defendant is currently incarcerated at USP Terre Haute with an expected release date of March 12, 2028.

**II.      Legal Discussion**

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of

2

"whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 74 at 8–9), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases).

Here, Defendant asserts that he petitioned his warden for compassionate release and it was denied. (ECF No. 70 at 1-2).[1] In support of this assertion, Defendant attached an email dated December 25, 2021, showing that he did, in fact, request compassionate release from the warden. (ECF No. 71-1). What the email does not show, however, is that the warden denied his request. The email chain shows only that on December 27, 2021, the Acting Complex Warden acknowledged Defendant's compassionate release request and told Defendant a response would be made within 30 days. If the request was denied as Defendant states in his filing, he has not produced any evidence of it, nor has he shown he has exhausted his administrative appeals after the denial. Absent this evidence, he has not demonstrated that he has met the exhaustion requirement. In turn, if the request was not denied and 30 days had elapsed since his request with no response from the warden, his exhaustion requirement would be met. But Defendant has not asserted the latter scenario applies. At this point, then, the Court cannot definitively determine whether Defendant has met the exhaustion requirement.

---

[1] The Government appears to have overlooked the email attached to Defendant's motion as it goes without mention in its brief.

3

But even if the Court found Defendant properly demonstrated administrative exhaustion, the motion would still be denied. The sole grounds asserted by Defendant in his motion is that his counsel was ineffective. Defendant's attempt to raise an ineffective assistance of counsel claim in his compassionate release motion is improper. Such a claim should be raised in a collateral attack on his original judgment under 28 U.S.C. § 2255. *See United States v. Barnett*, 849 F. App'x 158, 159 (7th Cir. 2021) ("18 U.S.C. § 3582(c)(1)(A) does not offer a path to attack a conviction, only to 'modify a term of imprisonment.' "); *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021) (citing *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020)) ("Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction."). Thus, even if the Court considered the Defendant's motion, he has not shown a proper basis for granting him compassionate release.

### III. Conclusion

For these reasons, Defendant's motion for compassionate release (ECF No. 71) is DENIED. The Motion for Appointment of Counsel is DENIED as MOOT.

SO ORDERED on May 16, 2022.

                                      s/ *Holly A. Brady*
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT